**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

BYRON NOE HERRERA AJTUN,

                        Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,

                        Respondents.

Case No.: 3:26-cv-03820-RBM-MMP

**ORDER GRANTING PETITION**

**[Doc. 1]**

Pending before the Court is Petitioner Byron Noe Herrera Ajtun's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) For the reasons below, the Petition is **GRANTED.**

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit

1

judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## II.    DISCUSSION

Petitioner argues that his detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 27–37.) He seeks a prompt bond hearing. (*Id.*, Prayer for Relief; Doc. 5 at 2.) Respondents "acknowledge the prior orders from this District directing bond hearing pursuant to 8 U.S.C. § 1226(a) in similar cases" and "therefore do not oppose an order from this Court directing a bond hearing." (Doc. 4 at 2.) In light of the Parties' agreement that a bond hearing is appropriate, and the Court's grants of petitions filed by similarly situated petitioners, *see Hussain v. LaRose*, Case No.: 3:26-cv-00194-RBM-MSB, 2026 WL 206715, at *2–4 (S.D. Cal. Jan. 27, 2026), the Court **GRANTS** the Petition.

The Parties disagree, however, as to the burden of proof at the bond hearing. Respondents argue that "the burden is on the detainee to demonstrate by a preponderance of the evidence that he is not a flight risk or danger to the community." (Doc. 4 at 2 (citing *Rodriguez-Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) and *Dos Santos v. Becerra*, Case No.: 26-cv-01423-GPC, VET (S.D. Cal. Mar. 23, 2026)).) Petitioner argues that, "[b]ecause no Immigration Judge has ever considered whether Petitioner's continued detention is necessary, due process requires a bond hearing at which Respondents bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified because he presents a danger to the community or a risk of flight." (Doc 1 at 10; Doc. 5 at 2–4.) The Court finds that Respondents have the better argument here. *See Rodriguez-Diaz*, 53 F.4th at 1197 ("If at [the § 1226(a)] hearing *the detainee demonstrates by the preponderance of the evidence* that he is not [a flight risk or danger to the community], the IJ will order his release.") (emphasis added).

## III.    CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

2

1. Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge **within seven (7) days** of entry of this Order—unless the noncitizen requests a continuance—to determine whether his continued detention is warranted.

2. The noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight. If the noncitizen does not request a continuance, and no hearing occurs **within seven (7) days** of entry of this Order, Petitioner shall be released from Respondents' custody.

3. If the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[1]

4. On or before **July 31, 2026**, Respondents **SHALL FILE** a status report indicating whether Petitioner received a bond hearing, and the outcome of that bond hearing.

   **IT IS SO ORDERED.**

DATE: July 9, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").

3:26-cv-03820-RBM-MMP